UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Clifford L. Johnson,

                                    Case No. 19:cv-00115 (DSD/BRT)

        Plaintiff,

   v.                              ANSWER
                                       OF
City of Minneapolis; and Officer      OFFICERS KEVIN FRANEK
Kevin Franek and Officer Brian      AND BRIAN CUMMINGS
Cummings, in their individual and
official capacities,

              Defendant.

---

Defendants, Kevin Franek and Brian Cummings, for their Answer to Plaintiff's Complaint, state and allege as follows:

Unless admitted, denied, or otherwise pleaded below, Defendants deny each and every matter, allegation and thing in Plaintiff's Complaint, and hold Plaintiff to the strictest proofs thereof.

Defendants:

## INTRODUCTION

1.     The allegations in ¶ 1 of the Complaint are not amenable to admission or denial in a pleading. To the extent the allegations assert liability on the part of any Defendant, those allegations are denied.

2.     Defendants deny the allegations in ¶ 2.

## VENUE

3.   Defendants admit that the alleged occurrences in the Complaint relate to an incident in this District, but state that the balance is a legal conclusion to which no responsive pleading is required.

## PARTIES

4.   Defendants do not have sufficient information to admit or deny the allegations in ¶ 4 of the Complaint; those allegations are therefore denied.

5.   Defendants admit the allegations in ¶ 5.

6.   Defendants admit the allegations in ¶ 6.

## FACTS

7.   Defendants admit that Plaintiff has a mental illness.  Defendants do not have sufficient information to admit or deny the remaining allegations in ¶ 7 of the Complaint; those allegations are therefore denied.

8.   Defendants do not have sufficient information to admit or deny the allegations in ¶ 8 of the Complaint; those allegations are therefore denied.

9.   Defendants admit the allegations in ¶ 9 of the Complaint, with the exception that Defendants deny that Plaintiff was "calm and quiet and causing no disturbance whatsoever."

10.  Defendants admit that they proceeded to a residence where they located Plaintiff sitting on the front steps.  Defendants do not have sufficient information

to admit or deny whether the residence was Plaintiff's residence; those allegations are therefore denied.  Defendants deny that Plaintiff was completely calm or quietly sitting.  Defendants admit that Officers had been informed that Plaintiff was mentally ill and potentially in the middle of a mental health crisis.

11. Defendants admit that Plaintiff was shirtless, shoeless, and wearing only pajama pants and that his hands were visible and empty.  Defendants admit that the door to the residence was closed and that an open beer can was visible and positioned approximately one foot away from Plaintiff's foot.  Defendants deny the remaining allegations in ¶ 11.

12.  Defendants admit that the officers asked Plaintiff why he was yelling. Defendants deny the remaining allegations of ¶ 12.

13.  Defendants are without sufficient information as to Plaintiff's reaction to the shooting of Justine Ruszczyk and the circumstances thereof and therefore that allegation is denied.  Defendants deny that Plaintiff was expressing concerns about being shot.  Defendants admit that the officers directed Plaintiff to sit down. Defendants deny that Plaintiff immediately followed the officers' directive.

14. Defendants admit that Plaintiff's mental state was starting to escalate but denies it was a direct result of the Officers' presence on his property. Defendants deny the remaining allegations in ¶ 14.

15. Defendants admit that when Plaintiff was sitting down he stated, "You shut your camera off!?   Turn your fucking camera back on!"   Defendants are without sufficient information as to why Plaintiff was profanely yelling at officers about their cameras and therefore deny that allegation.  Defendants admit that Plaintiff was sitting while continuing to rant incoherently at them.  Defendants deny the remaining allegations in ¶ 15.

16. Defendants admit that Plaintiff's mental state continued to escalate to the point of loud outbursts of yelling, but Defendants are without sufficient information as to why Plaintiff's mental state escalated and therefore deny the allegations of the same.  Defendants deny the remaining allegations in ¶ 16.

17. Defendants admit that Plaintiff got up and walked forward and was yelling.  Defendants are without sufficient information as to who he was yelling at and therefore deny Plaintiff's allegations regarding the object of that behavior. Defendants admit that Officer Franek removed his taser and aimed it at Plaintiff when Plaintiff got up and started yelling, and that Officer Franek directed Plaintiff to sit down.  Defendants deny that Plaintiff immediately followed the directive. Defendants deny that Plaintiff expressed a fear of being shot when he said, "Or what?! You're gonna kill me?!"

18. Defendants admit that Plaintiff got up and engaged in another outburst of yelling.  Defendants are without information as to what Plaintiff meant when

4

he was yelling: "What the fuck, this is [inaudible] so fucking much, just like that fucking, fucking white woman from Australia that fucking got killed by the fucking cops she [inaudible] fucking cops!  I fucking, sitting, quietly, peaceful, on my fucking stoop, enjoying the fucking weather!" and therefore deny Plaintiff's characterization of what this outburst meant.  Defendants admit that, after several requests from the officers to do so, Plaintiff sat back down on the steps.

19. Defendants admit they had been interacting with Plaintiff and attempting to speak with him for more than 3 minutes.  Defendants deny that Plaintiff followed every direction of the officers to sit down.  Defendants admit that, up to this point in the interaction, the officers had only directed Plaintiff to take a seat when he would stand up and start yelling.  Defendants admit that the officers planned to offer Plaintiff medical assistance for his apparent mental health crisis, but were not able to explain their plans to Plaintiff in his state.  Defendants are without information as to what was fueling Plaintiff's fear and emotional distress; those allegations are therefore denied.

20. Defendants deny that Plaintiff voluntarily sat on the steps, stopped yelling, and calmed down.  Defendants admit that Plaintiff began to sip from his beer and stated that his mouth was dry.  Defendants admit that when Plaintiff started drinking a beer in his already intoxicated state, that Officer Franek then directed Plaintiff to stand up and put his hands behind his back.

21. Defendants deny that Plaintiff was starting to stabilize and that he stopped yelling.  Defendants admit that Plaintiff remained seated.  Defendants admit that Plaintiff indicated his mouth was dry, stating, "more liquids. 'You take your meds?' Meds make your fucking mouth dry."  Defendants admit that Officer Franek asked Plaintiff to put his hands behind his back and did not explain the reason for it.  Defendants admit that the already inebriated Plaintiff refused to stand and demanded that he be allowed to take another sip of his beer.  Defendants admit that Plaintiff stated that he was experiencing an adrenaline rush. Defendants deny any remaining allegations in ¶ 21.

22. Defendants deny that Plaintiff was sitting calmly.  Defendants admit that Officer Franek again asked Plaintiff to put his beer down but Plaintiff refused multiple times, talking about catching his breath and an adrenaline rush. Defendants admit that Officer Franek fired his taser, striking Plaintiff in the chest, after Plaintiff refused to comply with the officers' attempts to secure him for a transport hold.  Defendants admit that Plaintiff was handcuffed without incident and transported to HCMC.  Defendants are without information to admit or deny the remaining allegations in ¶ 22 and they are therefore denied.

23. Defendants deny that Plaintiff was coherently responding and acknowledging Officer Franek's directives or that Plaintiff was requesting additional time to stabilize himself.  Defendants are without sufficient information

6

to admit or deny the remaining allegations in ¶ 23; those allegations are therefore denied.

24. Defendants deny the allegations in ¶ 24, with the exception that Defendants admit that Plaintiff was having a mental health episode.

25. Defendants deny the allegations in ¶ 25.

26. Defendants are without information to admit or deny whether Plaintiff would have voluntarily submitted himself into police custody if the officers had allowed him to continue drinking his beer and yell on his front steps; the allegations are therefore denied. Defendants deny the remaining allegations in ¶ 26.

27. Defendants do not have sufficient information to admit or deny the allegations in ¶ 27 of the Complaint; those allegations are therefore denied.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983-FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST OFFICERS FRANEK AND CUMMING

28. Defendants' responses to Paragraphs 1 through 27 of the Complaint are incorporated herein by reference as though fully set forth.

29. Defendants deny the allegations in ¶ 29.

30. Defendants deny the allegations in ¶ 30.

### COUNT 2: 42 U.S.C. § 12132 -ADA PUBLIC SERVICES DISCRIMINATION AGAINST CITY OF MINNEAPOLIS

31.   Defendants' responses to Paragraphs 1 through 27 of the Complaint are incorporated herein by reference as though fully set forth.

32.   Defendants deny the allegations in ¶ 32.

33.   Defendants deny the allegations in ¶ 33.

## COUNT 3: BATTERY AGAINST OFFICER FRANEK AND CITY OF MINNEAPOLIS UNDER MINNESOTA STATE LAW

34.   Defendants' responses to Paragraphs 1 through 27 of the Complaint are incorporated herein by reference as though fully set forth.

35.   Defendants deny the allegations in ¶ 35.

36.   Defendants deny the allegations in ¶ 36.

37.   Defendants deny the allegations in ¶ 37.

38.   Defendants deny the allegations in ¶ 38.

## COUNT 4: NEGLIGENCE AGAINST ALL DEFENDANT UNDER MINNESOTA STATE LAW

39.   Defendants' responses to Paragraphs 1 through 27 of the Complaint are incorporated herein by reference as though fully set forth.

40.   Defendants deny the allegations in ¶ 40.

41.   Defendants deny the allegations in ¶ 41.

42.   Defendants deny the allegations in ¶ 42.

## RELIEF REQUESTED

a.–e.   The statements in ¶ a - e of Plaintiff's "Relief Requested" section are not susceptible to being admitted or denied. To the extent those statements assert liability on the part of Defendants, those assertions are denied.

## JURY DEMAND

Defendants hereby demand a jury on all counts so triable.

## AFFIRMATIVE DEFENSES

1.   Plaintiff has failed to state a claim upon which relief can be granted.

2.   Defendants are protected by statutory immunity, official immunity, qualified immunity, and/or vicarious official immunity, and protected from any liability stemming from this action.

3.   Defendants are protected by immunity under Minnesota Statutes § 253B.23.

4.   One or more of Plaintiff's claims is barred as Plaintiff has failed to exhaust his available judicial and administrative remedies.

5.   The alleged use of force, if any, was privileged under the common law and/or under Minnesota Statutes § 609.06.

6.   Defendants are not liable for punitive damages, if any, under state and federal law.

7.      Defendants alleges that the acts upon which the Complaint is based were privileged, were based upon reasonable suspicion, probable cause, Plaintiff's consent, or other proper legal standard to believe that Plaintiff was subject to a lawful seizure, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances such that Defendants are immune from liability in this action.

8.      Defendants' actions were justified by Plaintiff's actions.

9.      Plaintiff's injuries or damages, if any, were caused, contributed to, or brought about by Plaintiff's own intentional, negligent, unlawful, unreasonable, and/or illegal acts or the acts of others over whom Defendants exercise no right or dominion or control for whose actions Defendants is not legally responsible.

10.     Plaintiff failed to mitigate his damages, if any.

11.     Plaintiff assumed the risk of injury from his acts and omissions.

12.     Defendants allege that if Plaintiff has suffered any injury, damage or harm, such injury, damage or harm was caused by persons, events, and occurrences not involving the Defendants.

13.     Defendants deny that Plaintiff has any right to attorneys' fees in this action.

14.     Plaintiff had knowledge, or in the exercise of reasonable care should have had knowledge, of each of the risks about which Plaintiff complains; further

10

Plaintiff voluntarily assumed any risk inhered in the situation that gave rise to the Complaint.

15.   To the extent that Plaintiff claims he is disabled, Defendants allege that Plaintiff's mental condition, in the circumstances and even with reasonable accommodation, posed a serious and direct threat to the health or safety of Plaintiff or others.

16.   The Complaint against Defendants are contrary to public policy.

17.   The Complaint is barred by the doctrine of execution of a public duty.

18.   The actions of the Defendants with respect to the Plaintiff were taken in good faith and in response to the legitimate safety requirements of the situation and not motivated by any discriminatory intent or any other discriminatory basis.

19.   The policies and procedures used by the Defendants with regard to the Plaintiff are fair in form and operation.

20.   The Defendants' decisions with regard to the Plaintiff were based upon nondiscriminatory, legitimate, and common reasons.

21.   Defendants reserve the right to assert any additional affirmative defenses that are discovered through discovery or the investigation of the Plaintiff's claims.

WHEREFORE, Defendants respectfully requests relief from the Court as follows:

1.      Dismissing Plaintiff's Complaint on the merits and with prejudice in its entirety;

2.      Awarding Defendants all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3.      For such other and further relief as this Court deems appropriate.

Such other relief that the Court deems equitable and just.


Dated:  March 8, 2019                           SUSAN L. SEGAL
                                                City Attorney
                                                By
                                                /s/ Heather P. Robertson
                                                HEATHER P. ROBERTSON (#0390470)
                                                BRIAN S. CARTER (#0390613)
                                                Assistant City Attorneys
                                                350 S. Fifth Street, Room 210
                                                Minneapolis, MN  55415
                                                (612) 673-2072
                                                heather.robertson@minneapolismn.gov
                                                *Attorneys for Defendant*